## TRZICH v JOST TIRE CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 6, 1933

L. L. George, Youngstown, for plaintiff in error.

William E. Pfau, Youngstown, for defendant in error.

be no recovery in this case, and your verdict must be for the defendant, and this would be true even if you find that at the time the accident happened the defendant's employe was on his way home and intending to return to the defendant's place of business to go to work."

Counsel for the plaintiff in error considers this instruction as in substance and effect a direction to return a verdict for the defendant, and from the view which the jury, under the instructions, evidently took of the evidence in the case, it perhaps so resulted. Counsel perhaps loses sight of the fact that the first words of this instruction are "if you find," and so forth.

The facts further with relation to the accident are substantially as follows: On the Sunday preceding the morning of the accident, McClintock worked for his company during the forenoon and then went home, or to the place where he lived with his brother-in-law. It then occurred to him, as he testifies, that he had received a letter a few days before asking him to call upon a young lady who was employed at the Princess Theater in the City of Youngstown. He then determined that he would accept that invitation and accosted his brother-in-law for permission to take his automobile and drive to Youngstown. His brother-in-law had planned to use the automobile himself and McClintock could not take it. He then decided to take the small Ford truck belonging to the Jost Company, which, as before stated, he sometimes used in the service of the company, and living some five miles out southeast of the place of business of the company, he had been permitted to drive this truck home in the evening and keep it over night and drive it back to the place of business the next morning, as a matter of convenience. McClintock took this truck and drove to Youngstown, located the Princess Theater, went back stage and found the young lady, visited with her during the afternoon and evening in the intermission between periods of performance on the stage, took her to supper in the evening, and after the performance had terminated that evening, about eleven o'clock, McClintock and this young lady and another couple went somewhere and played cards until about five o'clock in the morning. Then McClintock got in his truck and started to drive home, with the result that this accident happened when he had gotten about a mile and a half west of Austintown, on Route 18.

**OPINION**

By ROBERTS, J.

The cause came on for trial in the Court of Common Pleas, resulting in a verdict for the defendant. Error has been prosecuted to this court, and it is the contention of counsel for the plaintiff that prejudicial error occurred in one respect, and this is the only matter concerning which complaint is made in this proceeding. The court instructed the jury as follows:

"If you find that at the time this accident happened, the defendant's employe, James McClintock, was driving the defendant's car and on his way to Akron from the trip which he had made to Youngstown, which trip was for his own pleasure and convenience, and was not for any purpose or business of his employer, then I say to you, as a matter of law, that there can

The concrete proposition involved in this case is whether or not under the circumstances stated, and there is practically no dispute concerning the terms of the agency of McClintock to his company and the conditions under which he used the truck. The statement which has just been made regarding this matter is taken from the testimony of McClintock, himself. He states that the company did not authorize him to drive the truck to Youngstown, and had no knowledge that he intended to do so, and that he had no permission to use the truck outside of the regular business.

Brief reference will be made to authorities upon the law involved in this proposition. In the case of **Railway Company v Little, 67 Oh St 91,** the second paragraph of the syllabus reads as follows:

"The test of a master's liability is not whether a given act was done during the existence of the servant's employment, but whether such act was done by the servant while engaged in the service of, and while acting for the master, in the prosecution of the master's business."

The next paragraph reads:

"A master is not liable for the negligent act of a servant or employe, if at the time of the doing of such act the servant or employe is not then engaged in the service or duties of his employment although the act be one which if done by such servant or employe while on duty and at a time when actually engaged in his master's service, would be clearly within the course and scope of the usual and ordinary duties of such servant or employe."

Turning now to the case of **Coal Company v Rivoux, 88 Oh St, 18,** the syllabus reads, in part, as follows:

"The owner of an automobile is not liable in an action for damages for injuries to or death of a third person caused by the negligence of an employe in the operation of the automobile, unless it is proven that the employe, at the time, was engaged upon his employer's business and acting within the scope of his employment."

"The facts that the automobile was owned by the defendant and that the same was negligently operated by an employe do not make a prima facie case of negligence against the owner, unless it appears that the employe was driving the automobile with authority, express or implied, of the owner."

Turning now to the case of **Elms v Flick, 100 Oh St, 186,** the third paragraph of the syllabus reads as follows:

"Under the principles of **respondeat superior** the employer is liable for damages caused by the negligence of his employe while engaged in the business of the former, but such principle has no application where the owner and driver do not sustain to each other the relation of master and servant or principal and agent."

Referring now to the case of **Braun v Averdeck, 113 Oh St, 613,** and reading briefly from the opinion on page 617:

"The test of a master's liability lies on proof of the fact that if the negligent act was done by a servant it was done in the course of his master's employment and while engaged in the service of the master."

We thus find the 'rule to be in numerous decisions of our Supreme Court that the master is not liable under the undisputed conditions involved in this case; that is, where the servant had possession of the automobile truck of the master for a particular purpose, namely, to drive to his home in the evening and drive it back in the morning that he might again pursue his work with authority under directions to use the truck while actually engaged in the service of the master, the taking of the automobile on the Sunday afternoon was wholly unauthorized by the master, unknown by him, no authority whatever for taking and using the automobile. McClintock was not only not proceeding from his home to his place of business, in the natural course of his progress he was going from Youngstown to his residence, which was some five miles off from the ordinary route from Youngstown to Akron, intending to go home and make his preparations, change his clothes, and so forth, and then take the truck, as he had been authorized to do, for his work.

The instructions given by the court to the jury in this case were proper and we find no prejudicial error in the case. The judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

FARR and POLLOCK, JJ, concur in the judgment.